**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| YESENIA E. GOMEZ OSORIO | * | |
| 19706 Crystal Rock Drive | * | |
| Germantown, MD 20874 | * | |
| | * | |
| PLAINTIFF, | * | |
| | * | |
| v. | * | Case No.: 8:20-cv-676 |
| | * | |
| 5 STAR CLEANING SERVICE, LLC | * | |
| 11205 Yardley Court | * | |
| Ijamsville, MD 21754 | * | |
| | * | |
| Serve: Maria Suazo | * | |
| 11205 Yardley Court | * | |
| Ijamsville, MD 21754 | * | |
| | * | |
| and | * | |
| | * | |
| MARIA SUAZO | * | |
| a/k/a MARIA ISABEL SUAZO VERGARA | * | |
| a/k/a MARIA FLORES | * | |
| a/k/a MARIA QUINTANILLA | * | |
| 11205 Yardley Court | * | |
| Ijamsville, MD 21754 | * | |
| | * | |
| DEFENDANTS. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

**I.     INTRODUCTION**

1.     The plaintiff, Yesenia E. Gomez Osorio ("Plaintiff"), by and through undersigned counsel, hereby submits this Complaint against the defendants, 5 Star Cleaning Service, LLC ("5 Star") and Maria Suazo a/k/a Maria Isabel Suazo Vergara a/k/a Maria Flores a/k/a Maria Quintanilla ("Suazo") (collectively, "Defendants"), to recover damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3-401, *et seq.*, the Montgomery County Minimum

Wage Law ("MCMWL"), Montgomery Cnty. Code §§27-67, *et seq.*, and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3-501, *et seq.*

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §1331. With respect to the state law claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 in that the state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is appropriate in the District of Maryland pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to this claim occurred within this judicial district.

## III. THE PARTIES

4. Plaintiff is an adult resident of Maryland.

5. Defendant 5 Star is and, at all relevant times, was a limited liability company formed under the laws of Maryland and operating a residential and commercial cleaning business out of Gaitherstowne Plaza, 260 North Frederick Avenue, Gaithersburg, Maryland.

6. At all relevant times, defendant Suazo was the principal of defendant 5 Star and had operational control over the business, including the directing of day-to-day employment decisions. Suazo employed Plaintiff, established her wage rates, and is personally responsible for the unlawful acts alleged in this Complaint.

7. At all relevant times, Plaintiff was an employee of Defendants within the meaning of 29 U.S.C. §203(e)(1), Montgomery Cnty. Code §27-67(b), and Maryland law.

8. At all relevant times, Plaintiff was an employee engaged in commerce and/or an employee in an enterprise engaged in commerce within the meaning of 29 U.S.C. §§206(a) and

207(a)(1).

9. At all relevant times, Defendants were each and all Plaintiff's employers as that term is defined by 29 U.S.C. §203(d), Md. Code Ann., Lab. & Empl. §§3-401(b) and §3-501(b), and Montgomery Cnty. Code §27-67(b).

### IV. STATEMENT OF FACTS

10. Plaintiff worked as a driver and maid in Defendants' cleaning service from around September 2014 until around January 16, 2020.

11. Plaintiff normally worked for Defendants from Monday through Friday of each week.

12. Plaintiff's workday typically started at around 7:30 am, when she was required to pick up another maid employed by Defendants, with whom she worked as a team, from the non-driver maid's home.

13. From there, Plaintiff drove to Gaitherstowne Plaza where she and five other two-person cleaning crews received their daily assignments and cleaning supplies from Defendants. She then proceeded to each of the day's assignments together with her crewmate. Plaintiff finished the day's work by dropping off the non-driver maid at her home, usually sometime between 6:00pm and 9:00pm, occasionally earlier or later.

14. Plaintiff did not take meal breaks of at least twenty minutes.

15. While the total number of hours worked varied somewhat from day to day, Plaintiff estimates that she worked an average of 12 hours per day, for a total of around 60 hours per week.

16. Defendants usually paid part of Plaintiff's weekly wages with a check from 5 Star and another part with a check from Suazo.

17. Defendants paid Plaintiff varying amounts between $350 and $700 per week, at effective hourly rates that at times fell below the applicable Montgomery County minimum wage and the Maryland minimum wage.

18. Defendants did not pay Plaintiff at the overtime premium rate of one and one-half times her regular rate for all hours over forty worked in each one-week period.

19. Gaitherstowne Plaza, which Defendants used as their base of operations, is located in Montgomery County, as are most of the homes Plaintiff was assigned to clean.

20. The Montgomery County, Maryland minimum wage was $10.75 per hour at all relevant times until June 30, 2017.

21. From July 1, 2017 until June 30, 2018, the Montgomery County minimum wage was $11.50 per hour.

22. From July 1, 2018 until June 30, 2019, the Montgomery County minimum wage applicable to employers who employ fewer than 51 employees was $12.00 per hour.

23. Since July 1, 2019, the Montgomery County minimum wage applicable to employers who employ fewer than 51 employees is $12.50 per hour.

24. The Maryland minimum wage was $8.75 per hour at all relevant times until June 30, 2017.

25. From July 1, 2017 until June 30, 2018, the Maryland minimum wage was $9.25 per hour.

26. From July 1, 2018 until December 31, 2019, the Maryland minimum wage was $10.10 per hour.

27. Since January 1, 2020, the Maryland minimum wage is $11.00 per hour.

**V.    COUNT ONE: FLSA AND MWHL OVERTIME VIOLATIONS**

28.    Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

29.    Defendants' failure to pay Plaintiff wages at the rate of one and one-half times her regular hourly rate for hours worked in excess of forty in each one-week period violates both, 29 U.S.C. §207 and Md. Code Ann., Lab. & Emp. §3-415.

30.    Defendants' failure to pay overtime wages as required by 29 U.S.C. §207 and Md. Code Ann., Lab. & Emp. §3-415 was willful and not in good faith inasmuch as Defendants were aware or reasonably should have been aware of their obligation to pay Plaintiff consistent with the FLSA and MWHL but did not do so.

31.    As a result of Defendants' unlawful conduct, Plaintiff suffered a loss of wages and consequential damages.

**VI.    COUNT TWO: MWHL MINIMUM WAGE VIOLATIONS**

32.    Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

33.    Defendants' failure to pay Plaintiff at least the Maryland minimum wage for each hour worked violates Md. Code Ann., Lab. & Emp. §3-413(b).

34.    Defendants' failure and refusal to pay Plaintiff at least the Maryland minimum wage was willful and not in good faith inasmuch as Defendants were aware or reasonably should have been aware of their obligation to pay Plaintiff consistent with the MWHL but did not do so.

35.    As a result of Defendants' unlawful conduct, Plaintiff suffered a loss of wages and consequential damages.

**VII.    COUNT THREE: MCMWL MINIMUM WAGE VIOLATIONS**

36.    Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

37.    Defendants' failure to pay Plaintiff at least the Montgomery County, Maryland

minimum wage for each hour worked violates Montgomery County Code §27-68.

38. Defendants' failure to pay minimum wages as required by Montgomery County Code §27-68 was willful and not in good faith inasmuch as Defendants were aware or reasonably should have been aware of their obligation to pay in accordance with the Montgomery County minimum wage but did not do so.

39. As a result of Defendants' unlawful conduct, Plaintiff suffered a loss of wages and consequential damages.

### VII. COUNT FOUR: MWPCL WAGE PAYMENT VIOLATIONS

40. Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

41. Defendants' failure to pay Plaintiff all wages due for the work Plaintiff performed violates Md. Code Ann., Lab. & Emp. §§3-501 *et seq*.

42. Defendants' failure to pay all wages due to Plaintiff as required by the MWPCL was not a result of a *bona fide* dispute.

43. As a result of Defendants' unlawful conduct, Plaintiff suffered a loss of wages and consequential damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1.  Order Defendants to pay to Plaintiff all wages owed, consistent with the Fair Labor Standards Act, Maryland Wage and Hour Law, Montgomery County Minimum Wage Law, and Maryland Wage Payment and Collection Law;

2.  Award Plaintiff liquidated damages for all wages owed pursuant to 29 U.S.C. §216(b) and Md. Code Ann., Lab. & Emp. §3-427(a)(2);

3.  Award Plaintiff punitive (treble) damages for all wages owed pursuant to Md. Code Ann., Lab. & Emp. §3-507.2(b);

4.  Award Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216 and Md. Code Ann., Lab. & Emp. §§ 3-427(a)(3) and 3-507.2(b);

5.  Award Plaintiff pre-judgment and post-judgment interest; and

6.  Award Plaintiff such other legal and equitable relief as the Court deems appropriate.

Respectfully submitted,

*/ s / Mariusz Kurzyna*

Mariusz Kurzyna (Bar No. 20284)
Zipin, Amster & Greenberg, LLC
8757 Georgia Ave., Suite 400
Silver Spring, MD 20910
Tel: 301-587-9373
Fax: 240-839-9142
mkurzyna@zagfirm.com

*Counsel for Plaintiffs*