IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| YESENIA E. GOMEZ OSORIO, <br><br> Plaintiff, <br><br> v. <br><br> 5 STAR CLEANING SERVICE, LLC, et al., <br><br> Defendants. | Civil Action No. GLS 20-676 |

### MEMORANDUM OPINION AND ORDER

Pending before this Court is a letter from Defendants 5 Star Cleaning Service, LLC, and Maria Suazo, ("Defendants"), in which the Defendants seek leave to file a Counterclaim. (ECF No. 36). This Court will construe the letter as a motion for leave to file a counterclaim. ("Defendants' Motion"). The Court has reviewed Defendants' Motion, a letter from Yesenia E. Gomez Osorio ("Plaintiff") in opposition thereto, and relevant case law. The issues having been fully briefed, no hearing is necessary. Local Rule 105.6 (D. Md. 2018). For the reasons set forth herein, the Court **DENIES** the Defendants' Motion.

### I. BACKGROUND

On March 12, 2020, the Plaintiff filed her Complaint against the Defendants to recover damages for unpaid wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3-401, *et seq.*, the Montgomery County Minimum Wage Law ("MCMWL"), Montgomery Cnty. Code §§27-67, *et seq.*, and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3-501, *et seq.* (ECF No. 1). Plaintiff alleges that she worked as a driver

1

and a maid for the Defendants' cleaning service from in or about September 2014 until January 16, 2020. During that time, Defendants allegedly failed to pay her the minimum wage or the requisite overtime wage for the true number of hours that she worked. (*Id.*, pp. 4-6). Plaintiff seeks monetary damages, liquidated damages, treble damages, reasonable attorney's fees and costs, and pre-judgment and post-judgment interest. (*Id.*, p. 7).

On April 22, 2020, Defendants timely filed their Answer. (ECF No. 7). Defendants did not assert any counterclaims in the Answer. (*Id.*). After the parties consented to the assignment of this case to the undersigned, the initial Scheduling Order issued. (ECF Nos. 14, 17). During a Fed. R. Civ. P. 16 telephone conference, the parties requested a stay of discovery so that the parties could pursue early mediation. Also during that Rule 16 conference, the Defendants made the Court aware that they would be seeking leave to file a counterclaim, if unable to reach a settlement. The Court deferred consideration of the propriety of filing a counterclaim pending mediation. (ECF Nos. 25, 32).

After the parties were unable to resolve this matter via settlement, the parties filed a Joint Status report in which they sought to amend the Scheduling Order. Defendants also reiterated their request for leave to file counterclaims. (ECF No. 32). Following a status conference on February 9, 2021, the Court granted the request to amend the Scheduling Order, and granted Defendants' request to brief whether they could file a counterclaim. (ECF Nos. 34, 35).

On March 9, 2021, Defendants filed the present motion. Defendants seek to advance three state law counterclaims, for: (1) tortious interference with contractual relations; (2) tortious interference with prospective advantage; and (3) defamation. These proposed counterclaims allege that while Plaintiff was employed with 5 Star, she successfully solicited approximately twenty of the Defendants' customers, by: (a) offering to provide the same cleaning services; and (b) falsely

misrepresenting to Defendants' customers, *inter alia*, that she was fired and was owed a substantial amount of money in back wages. Defendants contend that Plaintiff's actions cost them approximately 20-25% of their customer base. (Defendants' Motion, p. 1). Defendants generally argue that Fed. R. Civ. P. 18(a) allows them to join their state law counterclaims "as independent or alternative claims" because Plaintiff is an opposing party. Defendants also assert that Rule 18 has been amended to "state clearly as a comprehensive proposition that a party asserting a claim . . . may join as many claims as he has against an opposing party." Last, Defendants contend that courts in Maryland "have long held" that there is a "philosophy of great liberality," by which joinder of claims is "strongly encouraged" to avoid "multiplicity of litigation and possible claims of res judicata." (Defendant's Motion, p. 2). To support their argument, Defendants rely principally on *Noland Co., Inc. v Graver Tank & Mfg. Co.*, 301 F.2d 43, 49-51 (4th Cir. 1962), and *Lanier Bus. Prods. v. Graymar Co.*, 342 F. Supp. 1200 (D. Md. 1972).

On March 22, 2021, Plaintiff opposed Defendants' Motion by advancing three arguments. First, Plaintiff maintains that this Court lacks jurisdiction over these proposed counterclaims because they are not compulsory, i.e., they rest on "an entirely different set of facts and laws." (ECF No. 37) ("Opposition," p. 1). Second, Plaintiff avers that the Court should not permit Defendants to file permissive counterclaims, as there is no independent jurisdictional basis for this Court to adjudicate them. (*Id.*, pp. 1-2). Third, Plaintiff contends that for public policy reasons, some courts have been reluctant to allow employers sued for FLSA violations to bring counterclaims against the plaintiff employee for damages. Thus, this Court should deny Defendants request. Plaintiff's arguments rely on Fed. R. Civ. P. 13, and case law related thereto, and related to the FLSA. (*Id.*, p. 2).

## II.   COMPULSORY AND PERMISSIVE COUNTERCLAIMS

Pursuant to Fed. R. Civ. P. 13, a counterclaim is either compulsory or permissive. As is relevant here, Rule 13(a) defines a compulsory counterclaim as one that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Federal courts have ancillary jurisdiction over compulsory counterclaims and no independent basis of jurisdiction is necessary to entertain them. *Painter v. Harvey*, 863 F.2d 329, 331 (4th Cir. 1988).

If a counterclaim is permissive, a party may assert it. *See* Fed. R. Crim. P. 13(b). A permissive counterclaim: (a) is not compulsory; (b) does not "arise [] out of the [same] transaction or occurrence" as the original claim; and (c) does not "derive from a common nucleus of operative fact" as the original claim. *Williams v. Long*, 558 F. Supp. 2d 601, 603 n.1. (D. Md. 2008). Thus, in order for a federal court to entertain a permissive counterclaim, an independent jurisdictional basis must exist for that counterclaim. *Id.*

The Fourth Circuit has articulated a four-factor test for determining whether a counterclaim is permissive or compulsory:

> (1) Are the issues of fact and law raised in the claim and counterclaim largely the same? (2) Would *res judicata* bar a subsequent suit on the party's counterclaim, absent the compulsory counterclaim rule? (3) Will substantially the same evidence support or refute the claim as well as the counterclaim? and (4) Is there any logical relationship between the claim and counterclaim?

*Painter*, 863 F.2d at 331. In addition, "a court need not answer all of these questions in the affirmative for the counterclaim to be compulsory. Rather, the tests are less a litmus, more a guideline." *Painter*, *supra*, at 331 (citations omitted).

## III.   ANALYSIS

The Defendants contend that joinder of its counterclaims is proper. This Court disagrees.

Applying the *Painter* test, the Court first finds that the issues of fact and law raised in

4

Plaintiff's complaint and the proposed counterclaims are not "largely the same." Plaintiff advances claims under the FLSA, the MWHL, and the MWPCL, whereas Defendants' proposed counterclaims involve tortious interference with contractual relations, tortious interference with prospective advantage, and defamation. The claims and counterclaims seek relief under different laws that raise distinct theories of damages. In addition, Plaintiff's factual allegations are that Defendants failed to pay her minimum wages and overtime wages for work that she performed as a driver and a maid. Thus, at their core, Plaintiff's claims require the development of facts related to the dates and hours that Plaintiff worked for Defendants and how much she was paid for that work. In contrast, Defendants' proposed claims seek damages related to lost business opportunities and revenues, and alleged defamatory statements. These claims require development of facts that are factually distinct from and irrelevant to the question of whether the Plaintiff was paid wages owed based on hours worked.

Second, the Court does not find that *res judicata* would bar a subsequent suit on Defendants' counterclaims. In Maryland, *res judicata* may preclude a subsequent claim if three elements are satisfied:

> (1) The parties in the present litigation are the same or in privity with the parties to the earlier litigation; (2) the claim presented in the current action is identical to that determined or that which could have been determined in the prior litigation; and (3) there was a final judgment on the merits in the prior litigation.

*R & D 2001, LLC v. Rice*, 938 A.2d 839, 848 (Md. 2008). While the first and third elements would likely be satisfied, it is the second element that would not be satisfied. As stated earlier, Plaintiff's FLSA and other wage-related claims are not identical to Defendants' proposed counterclaims. Thus, a resolution of Plaintiff's wage-related claims have no effect on any subsequent litigation.

Third, Plaintiff's claims and Defendants' proposed counterclaims will not require the

presentation of the same evidence. The Complaint suggests that Plaintiff's evidence would consist of testimony and records that reflect the hours worked and the compensation she received. In contrast, the Defendants would rely on evidence regarding the customers that Plaintiff allegedly solicited, records related to the business' revenue, and testimony. Thus, the Court does not find that the same evidence will refute or support Plaintiff's claims and the Defendants' proposed counterclaims.

As for the fourth inquiry, whether there is a logical relationship between the claim and the counterclaim, I find that there is none beyond the employer-employee relationship. This relationship is insufficient by itself to make the proposed counterclaims compulsory. Holdings from other courts in this district are the same. *See Holden, et al.*, *v. Bwell Healthcare, Inc.*, Civ. No. SAG 19-760, 2020 WL 1285505, at *4 (D. Md. Mar. 18, 2020) (In an FLSA, MWHL, and MWPCL case, dismissal required of defendant's permissive counterclaims that alleged Plaintiff's tortious interference with contractual relationship by poaching defendant's clients); *Ramirez v. Amazing Home Contractors, Inc.*, Civ. No. JKB 14-2168, 2014 WL 6845555, at *4 (D. Md. Nov. 25, 2014) (In an FLSA, MWHL, and MWPCL action, dismissal required of defendant's permissive counterclaim for fraud that lacked an independent basis for federal jurisdiction); *Carroll v. Dan Rainville & Assocs., Inc.*, Civ. No. SAG 17-849, 2014 WL 4777706, at *3 (D. Md. Oct. 23, 2007) (In an FLSA, MWHL, MWPCL suit, applying the *Painter* test required court to dismiss defendant's breach of contract and other state law tort counterclaims related to alleged interference with Defendant's business due to their lack of compulsory nature); *Sigala, et al.*, *v. ABR of Va., Inc.*, Civ No. GJH 15-1779, 2016 WL 1643759, at *4 (D. Md. Apr. 21, 2016) (in an FLSA, MWHL, MWPCL case, dismissal required of defendant's counterclaims of fraud and property theft that did not "arise out of the same transaction or occurrence as plaintiff's claims"); *Williams,*

*supra*, 558 F.Supp.2d at 606 (In an FLSA, MWHL, MWPCL matter, application of the *Painter* test required court to dismiss defendant's counterclaims for breach of contract, breach of fiduciary duty, and invasion of privacy as permissive). In addition, two of these courts have also found that federal courts are reluctant to "permit an employer to file counterclaims in FLSA suits for money the employer claims the employee owes . . . or for damages the employee's tortious conduct allegedly caused." *Ramirez*, *supra*, at *4 (quoting *Martin v. PepsiAmericas, Inc.*, 628 F.3d 738, 740 (5th Cir. 2010); *see also Yassa v. EM Consulting Grp., Inc.*, 261 F. Supp. 3d 564, 566 (D. Md. 2017).

The cases cited to by Defendants are inapposite. *Noland*, *supra*, a case that is almost 60 years-old, involved an appeal related only to Fed. R. Civ. P. 14, and whether the district court could dispose of a third party plaintiff's indemnification claim against a third party defendant in a breach of contact scenario. 301 F.2d at 49-51. There is no mention of compulsory or permissive joinder, and any reference to the general objectives of third-party procedure is *dicta* at best, and more likely irrelevant. *Lanier*, a case that is almost 50 years-old, involved the parties' dispute over payment for goods and services, as well as antitrust and Sherman Act violations. The opinion in *Lanier* includes very little description of the facts underpinning the case. 342 F. Supp. at 1201. In addition, unlike here, the *Lanier* court's jurisdiction was based on diversity of citizenship. *Id*. The plaintiff in *Lanier* moved to strike certain parties and their counterclaims, which the court analyzed under Fed. R. Civ. P. 18(a), 19, and 20. Thus, the case principally involved questions of permissive and required joinder of parties, and it is clear that the court's reference to "the broadest possible scope of action" and avoidance of multiplicity of action is *dicta*. *Id.* at 1203.

**IV. CONCLUSION**

In sum, Defendants' proposed counterclaims do not satisfy the four-factor *Painter* test.

7

Thus, the Court finds that these counterclaims are permissive, and there is no independent basis for this Court to exercise jurisdiction. In the absence of subject matter jurisdiction over these counterclaims, Defendants' Motion, ECF No. 36, is **DENIED**.

Dated: May 24, 2021

/s/
The Honorable Gina L. Simms
United States Magistrate Judge